IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,904

STATE OF KANSAS,
*Appellee,*

v.

DONALDO MORALES,
*Appellant.*

SYLLABUS BY THE COURT

Consistent with *Kansas v. Garcia*, 589 U.S. __, 140 S. Ct. 791, 206 L. Ed. 2d 146 (2020), a Kansas prosecution for identity theft or making false information based on information a defendant provides on employment forms, with the exception of the I-9 form, is not preempted by the Immigration Reform and Control Act of 1986.

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 8, 2016. Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion on remand filed June 12, 2020. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: This case is on remand from the United States Supreme Court for further proceedings consistent with its opinion in *Kansas v. Garcia*, 589 U.S. __, 140 S. Ct. 791, 206 L. Ed. 2d 146 (2020).

The factual and procedural details of the case are fully set out in our opinion in *State v. Morales*, 306 Kan. 1100, 401 P.3d 155 (2017), and will not be restated here. We reversed defendant Donaldo Morales' convictions on one count of identity theft and two counts of making a false information, holding that "[h]is prosecution based on his use of a Social Security number belonging to another person for employment was expressly preempted by 8 U.S.C. § 1324a(b)(5)." 306 Kan. at 1105.

At a bench trial, a district court judge had found Morales guilty after denying Morales' motion to dismiss charges based on representations in Morales' W-4 employment form. Morales had argued that the Immigration Reform and Control Act of 1986 (IRCA) preempted such prosecutions. The judge also denied Morales' post-trial motion for a new trial based on the same ground.

On appeal, among other things, Morales asserted that IRCA preempted identity theft and making false information prosecutions not just based on the W-4 but any document, such as a K-4, an undocumented worker filled out when seeking employment. The Court of Appeals rejected this argument and affirmed his convictions. See *State v. Morales*, No. 111,904, 2016 WL 97848 (2016) (unpublished opinion).

We disagreed and reversed both the Court of Appeals and district court, holding that IRCA preempted such prosecutions.

The State filed a writ of certiorari in this case, as well as its companion cases, *State v. Garcia*, 306 Kan. 1113, 401 P.3d 588 (2017), and *State v. Ochoa-Lara*, 306 Kan.

2

1107, 401 P.3d 159 (2017), which the United States Supreme Court granted. In an opinion addressing all three cases, a majority of the Court held that that the state law prosecutions were not preempted by the IRCA. *Garcia*, 206 L. Ed. 2d at 802. The Court reversed and remanded our judgment. 206 L. Ed. 2d at 807.

As a result, this case is again before us. In accordance with the decision of the United States Supreme Court, we vacate our judgment reversing the Court of Appeals and reversing the district court.

In addition, when we granted Morales' petition for review, we also anticipated consideration of whether the State had presented sufficient evidence of the element of intent to defraud. We now conclude that review of the sufficiency issue was improvidently granted, and therefore we do not address its merits. See Supreme Court Rule 8.03(j)(1) (2020 Kan. S. Ct. R. 52).

The judgment of the Court of Appeals is affirmed. The judgment of the district court is affirmed.